UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE CITY OF NEW YORK,

                         Plaintiff,

-against-

                                         **MEMORANDUM AND ORDER**
                                         17-CV-3480 (SJF)(AYS)

BLUE RAGE INC., d/b/a THE COP SHOP, and
SALVATORE PICCOLO and SUSAN PICCOLO,

                        Defendant.
-----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff the City of New York (the "City") commenced this action against the Blue Rage Inc. d/b/a The Cop Shop, and Salvatore Piccolo and Susan Piccolo (collectively "Defendants") alleging that Defendants knowingly and unlawfully market, sell and distribute infringing merchandise bearing trademarks associated with the New York City Police Department ("NYPD") and the Fire Department of the City of New York ("FDNY"). Docket Entry ("DE") 1.

    I.      BACKGROUND

The City alleges that Defendants, through both its retail shop at 560 Broadway, Massapequa, New York 11758, and its online website, are marketing, selling, and distributing a wide variety of unlicensed, infringing merchandise bearing the NYPD and FDNY Trademarks. Complaint ¶ 45. Plaintiff believes that Defendants possess and are manufacturing and selling these infringing and/or counterfeit products in interstate commerce to members of the general public. Id. ¶ 46. Plaintiff additionally alleges that

1

Defendants are unlawfully using the NYPD Shield and the FDNY Shield on business cards and on the store signage of the retail shop, and that despite Plaintiff's demands to cease and desist their unlawful activities, Defendants continue to sell unlicensed items bearing Plaintiff's trademarks. Id. ¶¶ 49-57. Plaintiff asserts that it is suffering, and will continue to suffer, irreparable injury unless Defendants are enjoined from continuing to sell infringing merchandise. Id. ¶ 58.

Currently before the Court is Plaintiff's motion to quash a subpoena (the "Subpoena") issued by Defendants to NYC & Company, Inc., stated to be a licensee of Plaintiff's marks at issue in this lawsuit. DE 34.

II. Prior Discovery Ruling

On January 31, 2018, this Court held a telephone conference regarding a discovery dispute. During the conference, the Court held that:

> Plaintiff is to produce to Defendant its applications to register for the marks at issue, as well as all communications between the trademark office and the plaintiff with respect to those applications. To the extent that Plaintiff makes any claim of privilege, it shall follow appropriate procedures for providing a privilege log. Plaintiff shall not be required to produce all documents relating to any agreement with licensees for the marks at issue, including, for example NYC and Company, Inc. and the NYC and NYPD Police Foundations. Such agreements are not within the scope of discovery with respect to the claims herein, and in particular are not relevant to the issue of whether or not Defendant is infringing upon Plaintiff's marks. However, to the extent that Plaintiff relies on any such documents in support of a damages claim, such documents must be produced to Defendant.

III. The Motion

As noted, the Subpoena is addressed to NYC & Company, Inc., an alleged licensee. In particular, the Subpoena seeks production of documents pertaining to Plaintiff's profits and losses with regard to its sales. DE 35. Defendants contend this information is necessary because Plaintiff is seeking statutory damages, and "profits and

losses are a starting point for assessment of statutory damages," and relevant to Defendants' defense. DE 35 at 3.

Plaintiff avers that the Subpoena seeks documents that are neither relevant nor proportional to the needs of the case as required by Rule 26((b)(1). DE 34 at 1.

IV. The Subpoena

The Subpoena specifically seeks:

1. All documents of NYC & Company, Inc. relating to any receipts of funds from the licensing or authorization to use any of the trademarks of the City of New York; and the usage or distribution of such receipts.

2. All documents of NYC & Company, Inc. relating to efforts taken to protect or enforce the rights in the trademarks of the City of New York.

3. All documents of NYC & Company, Inc. relating to a revenue for the benefit of the NYPD or the FDNY.

4. All documents relating to any communications with another regarding compliance with this subpoena.

## DISCUSSION

I. Legal Standard

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by making any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); see Herbert v. Lando, 441 U.S. 153, 177 (1979).

FED. R. CIV. P. 45(d) provides additional protection for non-parties subject to subpoena by mandating that a court "quash or modify the subpoena if it . . . subjects [the] person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Determinations of issues of "undue burden" are committed to the discretion of the trial court. See, e.g., In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68–70 (2d Cir. 2003); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996); see also FED. R. CIV. P. 26 1970 advisory committee's note ("Rule 26(c) ... confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of [discovery under FED. R. CIV. P.] 26(b), and these powers have always been freely exercised."); Herbert, 441 U.S. at 177, ("[T]he district courts should not neglect their power to restrict discovery" under FED. R. CIV. P. 26(c) and "should not hesitate to exercise appropriate control over the discovery process."). In making this determination, a court must limit a party's discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by rule 26(b)(1).
>
> FED. R. CIV. P. 26(b)(2)(C). Rule 26(b)(1) states:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4

Fed. R. Civ. P. 26(b)(1). Thus, it is settled that "judges may prevent [a] proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d at 70. The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant. See, e.g., Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (citation omitted); Monarch Knitting Mach. Corp. v. Sulzer Moral GMBH, 139 F.3d 877 (Fed. Cir. 1998).

II. The Parties' Positions

Plaintiff argues that the Court should quash the Subpoena in its entirety on the ground that none of the documents sought are relevant. Plaintiff states that it is not seeking actual damages, and the documents Defendants are seeking are irrelevant and will be burdensome to produce. DE 34. Plaintiff argues that (1) the records pertaining to profits and losses are not relevant because Plaintiff is not seeking actual damages; (2) the request for information concerning NYC & Company's efforts to protect or enforce the City's trademarks is burdensome and not proportional to the needs of the case, and it is likewise not relevant to the City's claim of statutory damages. Thus, Plaintiff argues that the nature of the information sought, and its production, is not "proportional to the needs of the case," as required by Fed. R. Civ. P. 26(b)(1).

Defendant claims that it is entitled to the documents specified in the Subpoena on the theory that the documents sought are relevant. Defendant states that information regarding profits and losses are relevant to Plaintiff's claim of statutory damages. Defendants further claim that because tags placed on Plaintiffs' licensed merchandise

states that portions benefit certain organizations, the information sought is relevant to defend a possible claim that Defendants' allegedly infringing conduct somehow deprived these organizations of funds. DE 35 at 3. Finally, Defendants argue that the City has placed its loss of licensing revenue as an element of its statutory damages in responding to Interrogatory No. 3. That Interrogatory is as follows:

**Interrogatory No. 3:**

Set forth any damage to The City that results from any activities of Blue Rage Inc., d/b/a the Cop Shop, Salvatore Piccolo and Susan Piccolo set forth in the Complaint.

Response: The City suffers damages from Defendants' sale of unlicensed souvenir merchandise bearing the City's registered trademarks in many ways, including loss of control over quality; loss of goodwill; loss of licensing revenue; dilution of the City's marks and consumer confusion resulting from Defendants' side-by-side sale of both licensed and unlicensed merchandise bearing the City's trademarks. Because Defendants claim that they have not kept and do not maintain any records showing the quantities of unlicensed merchandise bearing the registered trademarks that have been made and sold by Defendants, the City has no means to calculate or otherwise quantity its damages from such sales with reasonable certainty. The City will seek an award of statutory damages based on Defendants' willful infringement. (Emphasis added).

DE 35 at 2.

A. Analysis

The Subpoena seeks information related to profits and losses (requests 1 and 3), information related to efforts taken to protect or enforce the trademarks (request 2), and information relating to any communication with another regarding compliance with the subpoena (request 4). With regard to request 2, the Defendants have not made a showing as to how such documents are relevant to Plaintiff's claims. As such, request 2 is not proper. See Evans v. Calise, No. 92. Civ. 8430 (PKL), 1994 WL 185696, at *1

(S.D.N.Y. May 12, 1994) ("The party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition.").

With regard to the requests numbered 1 and 3, which pertain to revenue and actual profits, Defendants have articulated a basis for relevancy. As noted, their argument is that the documents sought are relevant to Plaintiff's claim for statutory damages. In support of their argument, Defendants point to the Court's minute order dated January 31, 2018. They argue that because the Court stated that "to the extent that Plaintiff relies on any such documents in support of a damages claim, such documents must be produced to Defendant." See Minute Order dated January 21, 2018. The Court finds this argument to be unpersuasive. Indeed, Plaintiff has stated it is not relying on actual damages to support its damages claim. Additionally, even when considering statutory damages, although a Court may look to actual damages it need not rely on them. See Telebrands Corp. v. HM Imp. USA Corp., No. 09–CV–3492, 2012 WL 3930405, at *3 (E.D.N.Y. 2012), report and recommendation adopted by, 2012 WL 3957188 (E.D.N.Y. 2012) ("Under neither [the Copyright or Trademark] Act the assessment of an award of statutory damages require proof of actual damages."); see, e.g., F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232–33, (1952). Likewise, the Court further finds that Defendants have failed to establish that the documents sought are necessary to defend Plaintiffs' possible claim that Defendants' sales reduced the amount of money that could be donated to organizations on behalf of Plaintiff. Again, Plaintiff has stated it is not seeking actual damages. To the extent there is any relevance between the documents sought, such relevance is slight at best. As such, the Defendants' request

for "[a]ll documents of NYC & Company, Inc. relating to a revenue for the benefit of the NYPD or the FDNY" is clearly overbroad and unduly burdensome.

As Defendants' have failed to establish a basis for production of the documents requested by the subpoena, communication regarding the subpoena, as sought in request number 4, is not relevant.

Based on the foregoing, Plaintiffs' motion to quash is granted.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to quash is granted.

Dated: Central Islip, New York
June 5, 2018

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge